Peck, J.
I will briefly notice two of the objections urged for the prisoner, Ewell.
First, the admissibility of evidence of acts of incest before the passage of the act of Assembly under which Ewell stands indicted, and like acts proved to have been committed after the finding of the bill of indictment and before trial.
In my opinion this evidence was inadmissible, and should, if incautiously admitted and not objected to, have been withdrawn from the consideration of the jury by the charge of the court; for if suffered to have influence it is impossible for this court to know on what part of the evidence offered the jury have predicated their verdict.
This question, I am free to own, would have been more clear if the evidence had been excepted to, and in *376 that form presented to our consideration. Still, there is enough upon the record to show that it had been received; and the court having been called upon to grant a new trial, that motion so far preserves the point as to bring it to the notice of this conrt. The influence of illegal testimony offered by the State, though not objected to by the prisoner, was ground for a new trial; and that motion being overruled by the Judge, and all the evidence set out, we may fairly infer that this was urged as a main ground for setting aside the verdict. The court should have seen that no improper advantage had been taken of the prisoner; he was entitled to the law of his case, the last moment as well as the first. When the judge was pointed to the error, he should have corrected it; and it being my duty to give the judgment the Circuit Court ought to have given, I am for giving the new trial upon that ground.
Second point: That no venue appears to have been proved: The whole evidence being set out,establishes the objection, it must be allowed also.
I will not relax old and inflexible rules in the administration of the criminal law; there is no reason for it. Whenever we depart from the great landmarks which have been the guides for ages, we enter on a sea of uncertainty and hazard every thing.
While life and liberty are more precious than property, I am cautioned to be vigilant in my course, and am therefore unwilling to admit any doctrine which may savour of innovation. In the other point of the case relied on, I concur in the opinion delivered by the other member of the court.
Green, J. concurred with the Chief Justice in the first and third points, but was not satisfied either way upon the second.
Whyte, J. gave no opinion.
Judgment reversed.